UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATRICK ALFORD,<br><br>    Plaintiff,<br><br>v.<br><br>JOE A. LIZARRAGA,<br><br>    Defendant. | Case No. 14-cv-02904-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR STAY**<br><br>Re: ECF No. 38 |

Before the Court is the state's request to stay the Court's order granting Petitioner David Alford's petition for writ of habeas corpus and requiring the state to either release the Petitioner or reinstate criminal proceedings against him within 90 days. ECF No. 38; see also ECF No. 36. Petitioner has not filed an opposition. For the reasons stated below, the request is granted in part and denied in part. The state's request to stay the requirement to reinstate criminal proceedings pending its appeal is granted. However, its request to stay the requirement to release Petitioner from custody is denied.

## I.  BACKGROUND

On May 31, 2016, this Court granted Petitioner's petition for a writ of habeas corpus. ECF No. 33. Petitioner was convicted of second degree murder in March of 2011. Id. at 1. Though the state Court of Appeal acknowledged – and the state has never disputed – that there was a violation of Petitioner's rights under Miranda v. Arizona, 384 U.S. 436 (1966), the court also found that the error was harmless. Id. This Court concluded that holding was unreasonable, and granted the habeas corpus petition. See id.

On July 11, 2016, this Court ordered that the state "shall release petitioner from custody, unless the state commences proceedings to retry petitioner within 90 days of the date of entry of this judgment." ECF No. 36. On July 18, 2016, the state filed an appeal with the United States

Court of Appeals for the Ninth Circuit, and on the same day, requested a stay of this Court's July 11 order pending the proceedings in their appeal. ECF Nos. 37, 38. Petitioner has not filed a response.

## II.     LEGAL STANDARD

Federal Rule of Appellate Procedure 23(c), which governs release on bail of state prisoners seeking habeas corpus relief, "creates a presumption that a prisoner who has received habeas relief is entitled to release from custody." Hilton v. Braunskill, 481 U.S. 770, 774 (1987). However, the presumption may be overcome based on application of the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 776. The question of whether to stay the decision granting habeas corpus and whether to release the prisoner pending appeal may be treated as "mirror images of each other." Franklin v. Duncan, 891 F. Supp. 516, 518 (N.D. Cal 1995).

## III.     ANALYSIS

### A.     Likelihood of Success on the Merits

In Hilton, the Supreme Court explained that "where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." Hilton, 481 U.S. at 778.

The state offers two arguments as to why it is strongly likely to succeed on appeal. First, it contends that this Court has "misunderstood the standard of review for prejudice to be applied by federal courts on habeas review." ECF No. 38 at 3. As proof, it points to this Court's failure to cite to Harrington v. Richter, 562 U.S. 86 (2011), but merely failing to cite a particular case does not render a standard of review analysis faulty. Douglas v. Singh, No. C-11-5370 EMC, 2013 WL 2645175, at *2 (N.D. Cal. June 12, 2013) ("[T]he fact that the Court did not specifically cite Harrington v. Richter . . . does not mean that the Court did not properly understand what unreasonableness means for purposes of AEDPA."). Though the state goes on to cite additional

1  law regarding the proper standard of review for habeas cases, it does not explain why this Court's
2  recitation of that same standard was inaccurate.

3        The state also argues that the Court misunderstood the standard of review concerning its
4  treatment of Chapman v. California, 386 U.S. 18 (1967) and Brecht v. Abrahamson, 507 U.S. 619
5  (1993).  ECF No. 38 at 3.  It points to this Court's reference to the Brecht standard, which is the
6  standard of review for federal habeas review, when referring to the state court decision, and argues
7  that the Court should have been referring to the Chapman standard instead.  Id.  Once again,
8  however, the state does not engage with the Court's explanation of this process – namely, that
9  under Davis v. Ayala, 135 S. Ct. 2187, 2197-98 (2015), "the Brecht standard 'subsumes' the
10 requirements that § 2254(d) imposes when a federal habeas petitioner contests a state court's
11 determination that a constitutional error was harmless under Chapman."  While the state contends
12 that Ayala stands for the proposition that the court conducts "review first of whether the state
13 court's Chapman analysis was reasonable, and, if not, a review of whether the error was
14 prejudicial under Brecht," ECF No. 38 at 4, this is belied by the language of Ayala itself.  See
15 Ayala, 135 S. Ct. at 2198 (the federal court "need not 'formal[ly]' apply both Brecht and
16 "AEDPA/Chapman" (citation omitted)).

17       Second, the state argues that it has a strong likelihood of demonstrating on appeal that the
18 Court's analysis regarding the prejudice from the Miranda violation was incorrect.  ECF No. 38 at
19 4.  Its arguments concerning the other incriminating evidence at trial, the prosecutor's closing
20 argument, and the jury's requests for readbacks are substantively the same as its arguments offered
21 in opposition to the petition for a writ of habeas corpus.  For the same reasons that the Court
22 concluded these arguments did not warrant denial of the petition, the Court concludes that they do
23 not demonstrate a likelihood of success on the merits.  See generally ECF No. 33.

24       Accordingly, the first factor weighs against granting a stay.

25       **B.    Whether the State Will Be Irreparably Injured Absent a Stay**

26       The state argues that the prosecution will be injured absent a stay because it will be forced
27 to "immediately expend substantial effort and resources" to reinstate criminal proceedings, despite
28 the fact that success on appeal would render a retrial moot.  ECF No. 38 at 5.

1    In Franklin v. Duncan, the district court considered a similar request to stay an order to
2 release or retry a successful habeas petitioner by separating its analysis regarding a stay of retrial,
3 on the one hand, and a stay of release of the petitioner, on the other. See 891 F. Supp. at 519-521.
4 The Court finds the same approach appropriate here as well, and adopts it.

5    With regard to a stay of retrial, courts in this district have disagreed as to whether the
6 potential waste of the state's resources constitutes irreparable injury. Compare Franklin, 891 F.
7 Supp. at 520 (concluding there would be irreparable injury); and Sifuentes v. Brazelton, No. C 09-
8 2902 PJH, 2014 WL 186867, at *2 (N.D. Cal. Jan. 16, 2014) (same); with Douglas, 2013 WL
9 2645175, at *4 (concluding there would not be irreparable injury). While it is unclear whether the
10 waste of resources constitutes "irreparable" injury within the meaning of Hilton, the Court agrees
11 that the state would be injured if a stay of the retrial were denied, especially given the seriousness
12 of Petitioner's crime, the delay between the initial trial and retrial with its concurrent effect on the
13 availability of evidence, and the fact that the Ninth Circuit is unlikely to resolve the appeal within
14 ninety days. Accordingly, as regards a retrial, the Court concludes this factor weighs in favor of a
15 stay.

16    Turning to a stay of the release of Petitioner, it is less clear why denial of this request
17 would injure the state in any significant way. Indeed, the state's argument focuses solely on the
18 requirement that it reinstate criminal proceedings. See ECF No. 38 at 5. Accordingly, with regard
19 to Petitioner's release, the Court concludes this factor weighs against a stay.

20    **C.    Injury to Petitioner From Issuance of Stay**

21    On the one hand, and as cited by the state, "[t]here is little reason to believe that issuance
22 of a stay of retrial will substantially injure" petitioner. Franklin, 891 F. Supp. at 521. Instead,
23 "[i]t will simply provide the State the opportunity to appeal without either side being forced to go
24 through another trial in the meantime." Id. "On the other hand, there is every reason to believe
25 that denying [Petitioner] release pending appeal will substantially injure him." Id. If a stay is
26 imposed on Petitioner's release, "he would remain incarcerated solely on the . . . sentence for the
27 murder conviction which this Court has found unconstitutional." Douglas, 2013 WL 2645175 at
28 *5.

1    Petitioner contends that continued custody of Petitioner "does not violate due process."
2 ECF No. 38 at 6. This may be true. See Hilton, 481 U.S. at 779. The Court is unpersuaded,
3 however, that continued custody based on an unconstitutional conviction is not injurious simply
4 because it does not violate one's due process rights.

5    Accordingly, the Court concludes that this factor weighs in favor of a stay of retrial, and
6 against a stay of Petitioner's release.

7    **D.    Public Interest**

8    "The public interest favors a stay of retrial in that a possibly unnecessary retrial, with two
9 verdicts, could contribute to a burden on the participants in the trial and a lack of public
10 confidence in the judicial system." Franklin, 891 F. Supp. at 521.

11   With regard to a stay of Petitioner's release, the state does possess an interest "in
12 continuing custody and rehabilitation." Id. However, the state does not explain why this interest
13 outweighs Petitioner's interest in being released from custody based on a conviction that the Court
14 found unconstitutional. See Douglas v. Singh, 2013 WL 2645175, at *5. Moreover, the state has
15 made no particularized showing that petitioner is a flight risk or poses a danger to the public. See
16 Walker v. Martel, No. C 94-1997 SBA, 2011 WL 2837406, at *3 (N.D. Cal. July 13, 2011)
17 (considering those factors when analyzing public interest).

18   Accordingly, this factor weighs in favor of a stay of retrial, and against a stay of
19 Petitioner's release.

20   Having considered all of the traditional stay factors, the Court concludes that a stay of
21 reinstatement of criminal proceedings is warranted, but that a stay of Petitioner's release is not.
22 The state's request for a stay is granted in part and denied in part.

## CONCLUSION

23
24   This Court's July 11, 2016 order for the state to commence retrial of Petitioner within 90
25 days of that order is hereby stayed during the pendency of the state's appeal to the Ninth Circuit.
26 If the appeal is unsuccessful, the state shall have 90 days from the date the appellate decision is
27 final to commence retrial of petitioner.

28   This Court's order for the state to release Petitioner within 90 days remains in effect. The

1  parties shall meet and confer and submit either a joint proposal or competing proposals, in the
2  form of a letter to the Court no longer than five pages, regarding the appropriate conditions of
3  release, whether Petitioner should be required to post a bond, and if so, the amount of that bond.
4  The letter shall be filed with the Court within fourteen days of the date of this order.

5  The Court will set the matter for hearing on September 2, 2016 at 9:30 a.m. in the Oakland
6  federal courthouse. The purpose of the hearing will be to address the parties' competing proposals
7  regarding conditions of release.  If the parties submit a stipulation, the hearing will be vacated.

8  IT IS SO ORDERED.

9  Dated: August 10, 2016

_____
JON S. TIGAR
United States District Judge